### SALVATORE v. LOCKE, Deputy Com'r, et al.

### No. 7006.

District Court, E. D. New York.
Jan. 18, 1934.

Sidney L. Masone, of Brooklyn, N. Y., for complainant.

Alexander, Ash & Jones, of New York City, for defendants.

MOSCOWITZ, District Judge.

This is an action brought under title 33 USCA § 921, to vacate and set aside an order issued by the defendant herein and reinstating the full force and effect of the former order of the defendant of July 25, 1932.

On August 5, 1931, the petitioner herein sustained injuries while employed as a longshoreman by the stevedoring firm of

John T. Clark & Son. The petitioner, Patsy Salvatore, was a longshoreman working in the hold of the steamer American Legion, moored at Pier 15, Brooklyn, N. Y., and claimed that while so working his left hand was caught between two barrels, bruising the second and third fingers. Thereafter the petitioner duly filed an employee's claim for compensation against John T. Clark & Son, his employer, under the provisions of the Longshoremen's and Harbor Workers' Compensation Act (33 USCA §§ 901–950).

On or about the 25th of July, 1932, the defendant filed a formal compensation order in favor of the petitioner providing for the payment to the petitioner in the sum of $2,-331.45 in addition to compensation already paid by or on behalf of the said employer to the said petitioner in the sum of $986.

On or about the 29th day of May, 1933, the defendant permitted an ex parte hearing in the absence of petitioner and without notice to him, at which hearing an investigator named Joseph Tozzi, employed by the carriers, and a longshoreman identified as Mr. Z, described to the commissioner a method by which paralysis of the fingers was obtained through the application of Milan fly.

On June 1, 1933, after said hearing, the defendant made and filed in his office another formal order rejecting the said claim for compensation, vacating and setting aside the former order of July 25, 1932, on the grounds that said order of July 25, 1932, was procured by the claimant as a result of misrepresentation and fraud.

The petitioner contends that the deputy commissioner's order of June 1, 1933, rescinding the award of compensation to the petitioner, was invalid, and alleges that the order of July 25, 1932, providing for a lump sum payment to the petitioner upon his refusal to undergo treatment, was final.

The petitioner further claims that the deputy commissioner, in listening to Mr. Z and Mr. Tozzi, was improper, and by so doing he deprived the petitioner of his right of cross-examination.

The petitioner further contends that there was no proof of fraud and self-inflicted injury before the commissioner, and that the making of the order of June 1, 1933, rescinding compensation was the taking away of the property rights of the plaintiff without due process of law and contrary to the provisions of the Longshoremen's and Harbor Workers' Compensation Act.

Title 33 USCA § 922 provides:

"§ 922. *Modification of awards.* Upon his own initiative, or upon application of any party in interest, on the ground of a change in conditions, the deputy commissioner may at any time during the term of an award and after the compensation order in respect of such award has become final, review such order in accordance with the procedure prescribed in respect of claims in section 919 of this chapter, and in accordance with such section issue a new compensation order which may terminate, continue, increase, or decrease such compensation. Such new order shall not affect any compensation paid under authority of the prior order."

If the defendant found that the injuries of the petitioner were self-inflicted, that would be a change in condition permitting him to review his previous order providing such review was had in conformity with the procedure prescribed in respect of claims in section 919, title 33 USCA.

Title 33 USCA § 919 (c) is as follows:

"The deputy commissioner shall make or cause to be made such investigations as he considers necessary in respect to the claim, and upon application of any interested party shall order a hearing thereon. If a hearing on such claim is ordered the deputy commissioner shall give the claimant and other interested parties at least ten days' notice of such hearing served personally upon the claimant and other interested parties or sent to such claimant and other interested parties by registered mail, and shall within twenty days after such hearing is had, by order, reject the claim or make an award in respect of the claim. If no hearing is ordered within twenty days after notice is given as provided in subdivision (b), the deputy commissioner shall, by order, reject the claim or make an award in respect of the claim."

The award of June 1, 1933, was predicated upon an ex parte hearing had before the deputy commissioner which was not in conformity with section 919 because no notice of such hearing was served upon the petitioner herein.

While it is true that title 33 USCA § 923 permits, "In making an investigation or inquiry or conducting a hearing the deputy commissioner shall not be bound by common law or statutory rules of evidence or by technical or formal rules of procedure, except as provided by this chapter; but may make such investigation or inquiry or conduct such hearing in such manner as to best ascertain the

rights of the parties." This section, however, while it grants the deputy commissioner wide latitude in the course of a hearing, does not permit a hearing without the statutory requirement of notice. Such notice not having been given in the instant · case, the order of June 1, 1933, will be vacated and set aside and the matter referred to the defendant for further hearing.

Settle decree on notice.